

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2007

# Aruanno v. New Jersey

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1643

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Aruanno v. New Jersey" (2007). *2007 Decisions.* Paper 1685.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1685

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1643
_____

JOSEPH ARUANNO,
Appellant

v.

STATE OF NEW JERSEY
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 06-cv-00296)
District Judge: Honorable William J. Martini
_____

Submitted Under Third Circuit LAR 34.1(a)
January 3, 2007

Before: RENDELL, COWEN AND VAN ANTWERPEN, Circuit Judges

(Filed February 2, 2007)
_____

OPINION OF THE COURT
_____

PER CURIAM

   This is an appeal from the District Court's dismissal of Joseph Aruanno's

complaint without prejudice. Aruanno filed his complaint pro se. The District Court

granted him in forma pauperis status. We will vacate the District Court's order and

remand for further proceedings.

I.

Aruanno raised his claims pursuant to 42 U.S.C. § 1983. He alleged that the procedures in place for his civil commitment hearing violated his due process rights.[1] He requested a new civil commitment hearing.

Before the complaint was served, the District Court screened the complaint pursuant to 28 U.S.C. § 1915A. The District Court determined that Aruanno's sole federal remedy was a writ of habeas corpus. Furthermore, the District Court determined that to the extent that Aruanno sought declaratory or injunctive relief, his claims had not yet accrued because a favorable judgment would necessarily imply the invalidity of his civil commitment. Thus, the District Court dismissed Aruanno's complaint without prejudice. Aruanno timely filed a notice of appeal.

II.

The basis for our appellate jurisdiction is slightly (although not fatally) complicated by the dismissal of the proceedings below without prejudice. Orders without prejudice are generally not final within the meaning of 28 U.S.C. § 1291. See Umbenhauer v. Woog, 969 F.2d 25, 30 n.6 (3d Cir. 1992). In this case, however, the District Court divested itself of the suit completely. Therefore, we have appellate jurisdiction. See Erie County Retirees Ass'n v. County of Erie, Pa., 220 F.3d 193, 202 (3d Cir. 2000)(citations omitted).

---

[1] Pro se complaints are liberally construed. See Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247 (3d Cir. 1999).

2

Our review of the District Court's dismissal of the complaint is plenary. We must accept all factual allegations of the complaint as true and all reasonable inferences that can be drawn from them. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

### III.

A prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). "He must seek federal habeas corpus relief (or appropriate state relief) instead." Id. A § 1983 action is barred if a plaintiff's success in the action would necessarily demonstrate the invalidity of the confinement or its duration. See id. at 81-82. In Wilkinson, the plaintiffs sought relief that would render the state procedures used to deny parole eligibility and parole suitability invalid. See id. at 82. The Supreme Court determined that the plaintiffs' claims in Wilkinson were cognizable under § 1983 because success would not mean that the plaintiffs would be immediately released or have a shorter confinement. See id. Rather, success would only mean a new parole eligibility review or a new parole hearing. See id. Thus, their claims did not lie "at the core of habeas corpus." Id. (internal quotation marks and citation omitted).

Similar to the claims in Wilkinson, Aruanno's claims do not lie "at the core of habeas corpus." Aruanno seeks relief that would render the state's procedures in civil

3

commitment hearings invalid.[2]  Aruanno does not seek immediate release from civil commitment or a shorter civil commitment period.  Instead, he only seeks a new civil commitment hearing.  Pursuant to <u>Wilkinson</u>, Aruanno's claims are cognizable under § 1983.

IV.

In conclusion, we find that Aruanno's complaint does not "lie at the core of habeas corpus" and that his claims are cognizable under § 1983.  Accordingly, we will vacate the District Court's order and remand for further proceedings.  Aruanno's motion for reconsideration of this Court's denial of his motion to appoint counsel is denied.

---

[2] For example, Aruanno argues that his due process rights were violated because a jury did not decide his civil commitment.