**Anthony MATTHEWS, Appellant**

v.

**NORRISTOWN STATE HOSPITAL; Dr. V. Ayyaswamy; Jeremy Salamon; John Stoltz; Gerald Kent; District Attorney of Philadelphia; Jenn Keelty.**

**No. 13–1231.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 May 9, 2013.

Opinion filed: June 10, 2013.

Anthony Matthews, Norristown, PA, pro se.

Cara B. Greenhall, Esq., Claudia M. Tesoro, Esq., Office of Attorney General of Pennsylvania, Philadelphia, PA, for Norristown State Hospital; Dr. V. Ayyaswamy; Jeremy Salamon; John Stoltz; Gerald Kent; District Attorney of Philadelphia; Jenn Keelty.

Before: AMBRO, SMITH and CHAGARES, Circuit Judges.

## OPINION

PER CURIAM.

Anthony Matthews, a patient at Norristown State Hospital Forensic Unit proceeding pro se, appeals from an order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint under Rule 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, will summarily affirm the District Court's judgment. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

Because we primarily write for the parties, we will only recite the facts necessary for our discussion. Matthews filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Philadelphia District Attorney Seth Williams, Norristown State Hospital ("NSH") and various medical professionals and administrators associated with NSH, making claims of malicious prosecution, abuse of process, false imprisonment, interference with contract rights, deliberate indifference, as well as violations of the Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendments. Specifically, Matthews alleges that in February 2012, the Court of Common Pleas of Philadelphia County ordered him to submit for a mental health evaluation to determine his competency in a criminal case. Thereafter, he was transferred from Curran–Fromhold Correctional Facility to NSH. Matthews alleges that he did not consent to psychiatric evaluation. He also alleges that a psychiatrist threatened him when he asked about his criminal case and that the Defendants failed to protect him when he was attacked twice by mentally ill patients. Matthews seeks immediate release from custody, an order withdrawing the criminal charges against him, expungement of his criminal record, compensatory and punitive damages, and other declaratory and injunctive relief. The Defendants filed a motion to dismiss Matthews' amended complaint, which the District Court granted by Order entered January 9, 2013, without issuing a written opinion. Matthews filed a timely notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We exercise plenary re-

---

1. Defendant Philadelphia District Attorney Seth Williams did not join in the motion to

view over Rule 12(b)(1), 12(b)(5) and 12(b)(6) dismissals. *See In re: Kaiser Group International Inc.*, 399 F.3d 558, 560 (3d Cir.2005) (Rule 12(b)(1)); *See Umbenhauer v. Woog*, 969 F.2d 25, 28 (3d Cir.1992) (Rule 12(b)(5)); *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000) (Rule 12(b)(6)).[2] We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. *Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir.2011) (per curiam).

### III.

■ We agree with the District Court's dismissal of Matthews' amended complaint. His section 1983 action essentially alleges that he was involuntarily committed, in violation of his civil rights. However, Matthews' claim for immediate release must be pursued through a petition for a writ of habeas corpus after exhausting state remedies as required by 28 U.S.C. § 2254(b) and (c). *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir.1975) (involuntary commitment is a type of "custody" actionable under the habeas statute). Accordingly, the District Court properly dismissed the complaint.

■ To the extent that Matthews is seeking damages for violations of his civil rights, and the claims do not imply the invalidity of his conviction or sentence, he properly brought the action pursuant to 42 U.S.C. § 1983. *See Williams v. Hepting*, 844 F.2d 138, 143–44 (3d Cir.1988) (quoting *Preiser*, 411 U.S. at 494, 93 S.Ct. 1827) ("[A] damages action by a state prisoner [can] be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies"); *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that that if the success of a § 1983 damages claim brought by a prisoner "would necessarily imply the invalidity of his conviction or sentence," the prisoner may only bring the claim where the conviction or sentence has been invalidated). Nonetheless, his amended complaint fails to state a cause of action.

■ First, absent consent by the State, the Eleventh Amendment provides the Defendants protection from federal suit in their official capacities. *MCI Telecomm. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 503–04 (3d Cir.2001); *see also Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). We have previously noted that the Commonwealth of Pennsylvania has expressly withheld its consent to be sued. *See Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir.2000); *see also* 42 Pa. Cons.Stat. § 8521(b). Because NSH is a state institution within the Department of Public Welfare, NSH and its employees are an arm of the state entitled

dismiss, but the District Court's order dismisses the complaint in its entirety and orders the Clerk of Court to mark the case closed. Thus, we treat this appeal as one from a final, appealable order pursuant to 28 U.S.C. § 1291.

**2.** To survive dismissal pursuant to Federal Rule of Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d

868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." *McGovern v. City of Philadelphia*, 554 F.3d 114, 115 (3d Cir.2009).

to Eleventh Amendment immunity in so far as they are sued in their official capacities. *See, e.g., Temple Univ. v. White,* 941 F.2d 201, 214 (3d Cir.1991) (barring legal remedies against Pennsylvania's Department of Public Welfare on Eleventh Amendment grounds); *Betts v. New Castle Youth Dev. Ctr.,* 621 F.3d 249, 254 (3d Cir.2010) ("Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity.").

■ Second, to the extent that Matthews sues the Defendants in their individual capacities under § 1983, his complaint fails to state a claim because he has not alleged any personal involvement by the Defendants in violation of his civil rights. *See Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (holding that liability in a § 1983 action must be predicated on personal involvement, not on the basis of respondeat superior).[3] The only conceivable claim is against Defendant Dr. Ayyaswamy, a psychiatrist who Matthews alleges threatened him when he asked about his criminal case. However, mere threatening language does not amount to a constitutional violation. *See Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir.1987) (stating that not every unpleasant experience a prisoner faces, like verbal abuse or harassment, constitutes cruel and unusual punishment); *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir.1983) (noting that mere threats and gestures do not amount to constitutional violations); *see also Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir.1992) (distinguishing idle threats from threats causing terror of serious injury or imminent death).

■ Finally, Matthews alleges a claim for failure to protect. To succeed on an Eighth Amendment claim for failure to protect, a plaintiff must show that: (1) "he is incarcerated under conditions posing a substantial risk of serious harm;" and (2) prison officials operated with "deliberate indifference to [his] health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *see also Hamilton v. Leavy,* 117 F.3d 742, 746 (3d Cir.1997). A substantial risk of serious harm "may be established by much less than proof of a reign of violence and terror," but requires more than a single incident or isolated incidents. *See Riley v. Jeffes,* 777 F.2d 143, 147 (3d Cir.1985). To determine whether officials operated with deliberate indifference, courts question whether they consciously knew of and disregarded an excessive risk to the prisoner's well being. *Farmer,* 511 U.S. at 840–44, 114 S.Ct. 1970; *Hamilton,* 117 F.3d at 747. Not only must a prison official be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but the official "must also draw the inference." *Farmer,* 511 U.S. at 837, 114 S.Ct. 1970. Here, Matthews alleges that he was attacked twice by mentally ill patients and that the Defendants failed to protect him. The amended complaint does not describe the extent of these attacks necessary to establish that Matthews was in substantial risk of serious harm. Moreover, the amended complaint does not allege that the Defendants actually knew of the attacks. Thus, Matthews' amended complaint fails to state an Eighth Amendment failure to protect claim.[4]

---

**3.** This includes the allegations against Defendant District Attorney Seth Williams.

**4.** Regarding Matthews' other constitutional claims, in addition to not pleading sufficient personal involvement, *see Polk County v. Dod-*

*son,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the amended complaint consists of vague allegations and legal conclusions unsupported by any factual basis. Thus, under *Iqbal,* Matthews' amended complaint was properly dismissed. *See Ashcroft v. Iq-*

## IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. *See* 3d Cir. L.A.R 27.4; I.O.P. 10.6.