DLD-264                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1059
_____

ISAAC MENDEZ,
                            Appellant

v.

NEW JERSEY STATE LOTTERY COMMISION; NEW JERSEY ATTORNEY GENERAL;
NEW JERSEY STATE TREASURY; NEW JERSEY DEPARTMENT OF ARCHIVES &
RECORDS MANAGEMENT; NEW JERSEY OFFICE OF THE PUBLIC ADVOCATE;
LOUIS DAVID BALK, ESQ.; MARIBEL TORRES; REYNALDO TORRES; MARC E.
SAPIN, Esq., Law Firm of Fuchs, Greenberg & Sapin; LAW FIRM OF FUCHS,
GREENBERG & SAPIN; LAWRENCE LEVIN, ESQ.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3:11-cv-06932)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 31, 2013

Before:  AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 13, 2013)
_____

OPINION
_____

PER CURIAM

Isaac Mendez, proceeding pro se, appeals from the District Court's order granting the defendants' motions to dismiss, denying his motion for default judgment, and dismissing various named defendants for failure to serve. Because the appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

This action stems from Mendez's prolonged dispute over a winning lottery ticket. According to Mendez, he purchased the winning ticket for the New Jersey Lottery Pick 6 in September 2002. Subsequently, he accidentally dropped the ticket on a bus. Later that month, Maribel Torres, Reynaldo Torres, and Juan Carlos Ayala submitted a claim for the winning ticket, as did Mendez. The New Jersey Lottery Commission ("Lottery Commission") opened an investigation and concluded that the winnings should be paid to Maribel and Reynaldo Torres.

In November 2002, Mendez filed suit in the New Jersey Superior Court for Hudson County against the Lottery Commission, its acting director, and the Torreses, alleging that he was denied a hearing in order to determine ownership of the lottery winnings. A jury trial was held in November 2003, and the jury ruled in favor of the Torreses and awarded them $1,955,158, an amount equal to the lottery winnings. The Appellate Division affirmed the verdict.

Mendez filed a second lawsuit in the Superior Court in October 2009 against the various state departments named as defendants in this suit ("State defendants"). In this suit, Mendez sought an injunction to protect a tape recording of a statement he had made to the Lottery

Commission and video surveillance footage from the Lottery Commission's headquarters. This suit was transferred to the Superior Court for Mercer County, and Mendez filed an amended complaint that added new defendants and allegations of civil rights violations.

In February 2010, the Superior Court granted the State defendants' motion to dismiss; subsequently, it clarified that its order only dismissed Mendez's initial complaint, not his amended complaint. Mendez then filed for default against the State defendants, and default was entered by the Superior Court Clerk. Subsequently, the State defendants moved to vacate the default, which the Superior Court did after determining that Mendez had not properly served the State defendants with his amended complaint. Mendez's suit was eventually dismissed in its entirety.

In November 2011, Mendez filed his complaint pursuant to 42 U.S.C. §§ 1983 and 1985, asserting that: (1) the State defendants deprived him of his procedural due process rights and his right to a default judgment in the 2009 case, and the non-State defendants furthered the State's purpose; (2) the State defendants deprived him of his default judgment by abuse of process; and (3) the State and non-State defendants deprived him of his due process rights to a fair trial. The defendants filed motions to dismiss, and Mendez filed a motion for declaratory relief in the form of a default judgment against the State defendants. The District Court subsequently granted the defendants' motions and denied Mendez's motion. The District Court also dismissed Maribel and Reynaldo Torres and Lawrence Levin, Esq., pursuant to Fed. R. Civ. P. 4(m), for Mendez's failure to serve them. This appeal followed.[1]

---

[1] Mendez filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) on December 28, 2012, which the District Court denied on April 16, 2013. Accordingly,

3

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We review for abuse of discretion the denial of Mendez's motion for default judgment and the dismissal of defendants on the basis of failed service of process. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); Umbenhauer v. Woog, 969 F.2d 25, 28 (3d Cir. 1992).

## III.

As an initial matter, we cannot agree that the District Court abused its discretion by not entering default judgment against the State defendants. We consider three factors to determine whether default judgment should be granted: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." See Chamberlain, 210 F.3d at 164. Here, there is no

---

Mendez's notice of appeal became effective as to the District Court's December 18, 2012 order granting the defendants' motions to dismiss as of that date. See Fed. R. App. P. 4(a)(4)(B)(i). However, we lack jurisdiction over the District Court's subsequent denial of Mendez's motion for relief from judgment, as Mendez has not separately appealed it. See Fed. R. App. P. 4(a)(4)(B)(ii).

4

evidence in the record of bad faith or dilatory motive. The District Court's docket reflects that the State defendants filed a motion to dismiss Mendez's second amended complaint.[2]

We conclude that the District Court properly dismissed the State defendants based upon principles of sovereign immunity. The Eleventh Amendment protects a state or state agency from a § 1983 suit, unless Congress has specifically abrogated the state's immunity or the state has waived its own immunity. See MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503-04 (3d Cir. 2001). Section 1983 does not abrogate state's immunity. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979). Furthermore, New Jersey has not waived its immunity in federal court. Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth., 819 F.2d 413, 418 (3d Cir. 1987), abrogated on other grounds by Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30 (1994); cf. N.J. Stat. Ann. § 59:1-2 (waiving immunity only under the New Jersey Tort Claims Act).

We also agree that the District Court properly granted the non-State defendants' motions to dismiss. Mendez failed to allege how the various named attorneys acted under color of state law so as to deprive him of his civil rights. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). While a private party is a "state actor" where "he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State," Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982), Mendez's complaint

---

[2] Even if the State defendants had not filed a responsive pleading, the District Court's decision not to enter default judgment would not have prejudiced Mendez. As discussed below in the text, the District Court properly dismissed the State defendants based upon sovereign immunity. Furthermore, Mendez's motion sought default judgment based upon the State defendants' alleged failure to file an answer in state court proceedings. We note that this alleged inaction in state court has no bearing on whether default judgment was warranted in the District Court.

falls short of permitting us to infer a plausible connection among the defendants such that the private actions of the non-State defendants would constitute "state action," see Groman v. Twp. of Manalpan, 47 F.3d 628, 638 (3d Cir. 1995) ("A private action is not converted into one under color of state law merely by some tenuous connection to state action."). Furthermore, we agree that Mendez failed to state a claim under 42 U.S.C. § 1985(3), as nowhere did he allege that the non-State defendants, or any other defendants, entered into a conspiracy motivated by "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'"[3] Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)) (emphasis omitted).

## IV.

For the foregoing reasons, no substantial question is presented and we will affirm the District Court's judgment. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3] Because Mendez's claims against the Torreses and Levin are meritless, we need not determine whether the District Court abused its discretion in dismissing them from the suit under Fed. R. Civ. P. 4(m).

6