NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1553
_____

OSCAR RIVAS, AS ADMINISTRATOR OF THE
ESTATE OF LESTER ESTURADO RIVAS RUANO, DECEASED,
Appellant
v.

PROSPERO EQUIPMENT CORPORATION;
PROSPERO WINERY, INC.; PROSPERO'S WINE MAKING SHOP, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cv-03028)
District Judge: Honorable Joel H. Slomsky
_____

Submitted under Third Circuit L.A.R. 34.1(a)
September 13, 2019
Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*.

(Filed: September 18, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

This appeal involves a dispute about service of legal process. Plaintiff-Appellant Oscar Rivas, in his capacity as administrator of the estate of Lester Esturado Rivas Ruano, filed a praecipe to issue writ of summons in Pennsylvania state court in 2014, but didn't file a complaint until 2017. Soon after the complaint was filed, Defendants-Appellees Prospero Equipment Corporation, Prospero Winery, Inc., and Prospero's Wine Making Shop, Inc. (collectively, Prospero) removed the case to federal court and moved to dismiss for inadequate service of the writ of summons.

In the course of a hearing on the motion to dismiss, the District Court ordered discovery on the service issue but did not set a deadline for submissions after discovery. App. 59 ("I'll enter an order that fact discovery on the [service] issue . . . should be as . . . permissible until whatever that Friday is, the last Friday in January."); *see also* Rivas Br. 15 (conceding the discovery deadline). Though the District Judge did not enter a written order, his order on the record makes two things clear. First, discovery had to be completed by the last Friday in January 2018. And second, the District Court set no deadline for the parties to file their submissions. A month after discovery ended and before any submissions were filed, the District Court granted the motion to dismiss. We will now vacate and remand for the District Court to receive those submissions.[1]

---

[1] The District Court had diversity jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441. We have jurisdiction under 28 U.S.C. § 1291.

We begin by noting, as Rivas's counsel concedes, this case became a "procedural mess." App. 77. In both state and federal court, before and after this appeal was taken, many opportunities for Rivas to effectuate or demonstrate effective service came and went. We therefore share the District Court's "concern[]" over the case's handling. App. 67. Nevertheless, Rivas deserves the opportunity to present the discovery results to the Court that ordered them.

The rub of this appeal lies in that November 2017 hearing transcript on Prospero's motion to dismiss. Although both parties completed discovery in time, neither submitted any findings before the District Court ruled on the motion to dismiss. Instead, Prospero pivoted away from the service of process argument and moved alternatively for judgment *non pros* based on the inactivity in state court from 2014 to 2017 (without reasserting the initial motion to dismiss). Rivas responded to that motion without addressing the motion to dismiss or the service issue. Three weeks after that response, assuming—with some justification—that the parties had nothing further to offer on the service issue, the Court granted the motion to dismiss. It explained why Rivas's only evidence before the Court (that Prospero's insurer had a copy of the writ of summons before the deadline for service had passed) did not satisfy his burden of proof for showing service was sufficient. App. 63–67; *see Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). But the Court also mistakenly characterized the question of direct service on Prospero as "undisputed." App. 65. Rivas did, in fact, dispute that point. *See* Pl.'s Resp.

3

in Opp'n to Defs.' Mot. to Dismiss 2–5, ECF No. 7 (arguing "the Writ of Summons was filed and served in a timely manner").

Although the District Court has "broad discretion" when it comes to Rule 12(b)(5) motions, *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992), granting Prospero's motion and dismissing the case without affording Rivas the benefit of explaining the results of the court-ordered discovery constituted an abuse of discretion. That ruling effectively faulted Rivas for blowing a nonexistent deadline. The Court stated that discovery would be "permissible until . . . the last Friday in January," App. 59, without imposing any deadline for submissions thereafter. So Rivas's counsel's inaction did not warrant putting his client out of court. This is true even though counsel could have (and should have) brought this issue to the District Court on a motion for reconsideration instead of filing this appeal.

After taking this appeal (and after the time to file a motion to reconsider had lapsed) Rivas moved the District Court to reopen and supplement the record,[2] finally putting forward the evidence from discovery that tended to show at least electronic delivery of the writ of summons in 2014. The District Court should have the benefit of that evidence (and the parties' positions on it) when deciding whether Rivas adequately served Prospero lo those many years ago.

_____

[2] The District Court's opinion and order denying that motion are not before us, but we may take judicial notice of such developments after appeal is taken. *See Samuel v. Univ. of Pittsburgh*, 506 F.2d 355, 360 n.12 (3d Cir. 1974).

4

\*     \*     \*

For the reasons stated, we will vacate and remand for further proceedings consistent with this opinion.[3]

---

[3] The District Court technically granted Prospero's *non pros* motion as well, but its explanatory footnote said nothing about it. Its silence on this point precludes this from serving as an alternative basis to affirm the District Court's judgment. *See generally Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) (requiring application of several factors to evaluate the effect of a party's failure to prosecute).