**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2809
_____

MELVIN TRENT WALKER,
                            Appellant

v.

PENNSYLVANIA DEPARTMENT OF TRANSPORTATION
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-22-cv-01360)
District Judge:  Honorable Christopher C. Conner
_____

No. 23-2810
_____

MELVIN TRENT WALKER,
                            Appellant

v.

PENNSYLVANIA DEPARTMENT OF TRANSPORTATION
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-22-cv-01361)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2024

Before:  KRAUSE, MATEY, and CHUNG, Circuit Judges

(Opinion filed May 15, 2024)

_____

OPINION[*]

_____

PER CURIAM

Melvin Trent Walker filed three related pro se employment discrimination suits against the Pennsylvania Department of Transportation ("PennDOT").[1]  See Walker v. Pa. Office of Admin., Civ. No. 22-cv-02065 (M.D. Pa.); Walker v. Pa. Dep't of Transp., Civ. No. 22-cv-01360 (M.D. Pa.); Walker v. Pa. Dep't of Transp., Civ. No. 22-cv-01361 (M.D. Pa.).  The District Court dismissed the complaints in all three actions on the ground that Walker failed to effect proper service.  We previously affirmed the dismissal order in Civ. No. 22-cv-02065, see Walker v. Pa. Office of Admin., No. 23-2047, 2023 WL 8179274, at *2 (3d Cir. Nov. 27, 2023) (per curiam).  We will likewise affirm the dismissal orders in the remaining two matters.

To effect service of process in Civ. Nos. 22-cv-01360 and 22-cv-01361, Walker used a private process server to hand-deliver the complaints and summonses to PennDOT's Office of Chief Counsel.  The Magistrate Judge advised him that this was insufficient under the Federal Rules and directed him to deliver the papers to either (a)

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] The initial complaint in C.A. No. 23-2809 named as defendants the Pennsylvania governor and Secretary of Transportation.  Those defendants were later dismissed and PennDOT was substituted as a defendant.

the "chief executive officer" of PennDOT or (b) the person in charge of PennDOT's Office of Chief Counsel *and* the person in charge of the Torts Litigation Unit of the Office of Attorney General. Order 2–3, ECF No. 48 (citing Fed. R. Civ. P. 4(j)(2)(A)–(B)); Order 2–3, ECF No. 54 (same). When Walker failed to provide proof of service within the requisite period, the Magistrate Judge recommended that the actions be dismissed without prejudice.

Walker objected, explaining that he had used a second process server to hand-deliver the complaints and summonses to PennDOT's Secretary. He stated that he had attempted to file proof of service with the District Court, but that the server's affidavit had been mistakenly filed in Civ. No. 22-cv-02065. The District Court approved and adopted the Magistrate Judge's reports without addressing Walker's objections and dismissed the complaints without prejudice. Walker appealed.

We have jurisdiction under 28 U.S.C. § 1291. See Umbenhauer v. Woog, 969 F.2d 25, 30 n.6 (3d Cir. 1992); see generally Doe v. Hesketh, 828 F.3d 159, 165–66 (3d Cir. 2016). We review de novo the District Court's holdings that Walker did not properly serve the defendants. Umbenhauer, 969 F.2d at 28. We review for an abuse of discretion the District Court's decisions to dismiss the complaint on that basis. Id. We may affirm on any ground supported by the record. Baloga v. Pittston Area Sch. Dist., 927 F.3d 742, 751 (3d Cir. 2019).

We will affirm. Under Rule 4 of the Federal Rules of Civil Procedure, a plaintiff who sues a state agency in federal court has two options for service of process: a federal method and a state method. See Fed. R. Civ. P. 4(j)(2). Walker attempted to satisfy the

3

federal method only. To do so, he was required to deliver a summons and copy of the complaint to the agency's chief executive officer, who, in this case, is the Secretary of PennDOT. See Fed. R. Civ. P. 4(j)(2)(A); 71 Pa. Stat. and Cons. Stat. § 66 (2021). Even taking into account Walker's second service attempt, that process server hand-delivered the papers to an individual in PennDOT's Office of Chief Counsel—not the Secretary himself. As we explained in Walker's prior appeal, this is insufficient under Rule 4(j)(2)(A). See Walker, 2023 WL 8179274, at *2 (citing Luke v. Texas, 46 F.4th 301, 307 (5th Cir. 2022); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1109 (4th ed. 2023 update)). For this reason, the District Court acted within its discretion in dismissing the complaint. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568–69 (3d Cir. 1996).

Accordingly, we will affirm the judgments of the District Court.