

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2008

# Carter v. Marmon Keystone

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1996

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Carter v. Marmon Keystone" (2008). *2008 Decisions.* Paper 1193.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1193

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1996
_____

ANTHONY CARTER, SR.,

                    Appellant

v.

MARMON KEYSTONE

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 05-311-MPT)
Magistrate Judge Mary Pat Thynge

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2008
Before: SLOVITER, BARRY and GREENBERG, Circuit Judges

(Opinion filed:  May 20, 2008)
_____

OPINION
_____

PER CURIAM

      Appellant, Anthony Carter, Sr., appeals pro se from the District Court's dismissal

of his complaint.  For the reasons that follow, we will affirm.

      On May 19, 2005, Carter filed a complaint in the United States District Court for

the District of Delaware alleging that his employer, Marmon Keystone, terminated him on

account of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. On September 20, 2005, Carter mailed a Notice of Lawsuit and Request for Waiver of Service of Summons to the Human Resources department at Marmon Keystone. Carter, however, failed to attach a copy of the complaint to his request, in violation of Rule 4(d)(1)(C) of the Federal Rules of Civil Procedure. As a result, Marmon Keystone refused to waive service, and, because the 120-day service period had then expired, see Fed. R. Civ. P. 4(m), moved to dismiss the complaint for insufficient process and insufficient service of process. See Fed. R. Civ. P. 12(b)(4) and (5).

By order entered April 7, 2006, the District Court, mindful of Carter's pro se status, provided him with another 30 days to properly serve the defendant. See Fed. R. Civ. P. 4(m). Carter then served Marmon Keystone with a Summons in a Civil Case, with which he was also required to provide a copy of the complaint. See Fed. R. Civ. P. 4(c)(1). Here, too, Carter failed to include his complaint. Consequently, Marmon Keystone renewed its motion to dismiss under Rules 12(b)(4) and (5). See Fed. R. Civ. P. 12(b)(4) and (5).

The parties subsequently consented to jurisdiction before the Honorable Mary Pat Thynge, United States Magistrate Judge. See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. By order entered March 29, 2007, Magistrate Judge Thynge granted Marmon Keystone's motion and dismissed Carter's complaint without prejudice. The present appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 636(c)(3) and 28

U.S.C. § 1291.[1]  Our review of the District Court's dismissal is plenary.  See Umbenhauer v. Woog, 969 F.2d 25, 28-29 (3d Cir. 1992).

The Magistrate Judge properly granted Marmon Keystone's motion to dismiss. Carter was given two opportunities to properly effect service of process or obtain a waiver of service from Marmon Keystone.  Carter, however, failed to comply with the requirements of Rule 4 on either occasion.  Therefore, we see no error in the Magistrate Judge's order granting Marmon Keystone's motion under Rules 12(b)(4) and (5).  See Fed. R. Civ. P. 12(b)(4), (5).

We will affirm the Magistrate Judge's order dismissing the complaint.

---

[1]  Although the Magistrate Judge dismissed Carter's complaint without prejudice, the dismissal order is appealable because Carter is now time-barred from re-filing his complaint.  See Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002) (holding that an order dismissing a claim without prejudice is an appealable order if the statute of limitations for that claim has expired).