**Anthony CARTER, Sr., Appellant**

v.

**Marmon KEYSTONE.**

No. 09–3746.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 13, 2009.

Opinion filed: Jan. 13, 2010.

---

Anthony Carter, Sr., New Castle, DE, pro se.

Floyd A. Clutter, Esq., Cohen & Grigsby, Pittsburgh, PA, for Marmon Keystone.

Marmon Keystone, Butler, PA, pro se.

Before: MCKEE, RENDELL and CHAGARES, Circuit Judges.

## OPINION

PER CURIAM.

On January 21, 2009, Anthony Carter, Sr., filed a motion to proceed *in forma pauperis* and pro se complaint in the United States District Court for the District of Delaware asserting claims of employment discrimination under Title VII of the Civil Rights Act of 1964 against defendant Marmon Keystone. According to the complaint, the alleged discriminatory acts (harassment and discrimination based on race) took place on February 13, 2004, those acts are not continuing, and Carter received a right-to-sue letter from the Equal Employment Opportunity Commission on April 5, 2005. The District Court granted Carter leave to proceed *in forma pauperis* and dismissed his complaint under 28 U.S.C. § 1915(e)(2). The District Court observed that Carter had ninety days to file a complaint after receipt of the April 2005 right-to-sue letter, but he untimely filed his complaint in January 2009. Carter timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's § 1915(e)(2) dismissal is plenary. *Allah v. Seiverling,* 229 F.3d 220 (3d Cir. 2000). After a careful review of the record, we conclude that this appeal presents "no substantial question," 3d Cir. IOP Ch. 10.6, and thus we will summarily affirm the District Court's judgment.

As the District Court explained, a claim brought under Title VII must be filed within ninety days of plaintiff's receipt of the right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1); *McGovern v. City of Phila.,* 554 F.3d 114, 115 n. 1 (3d Cir.2009). We regard the ninety-day filing period as a statute of limitations, making it subject to the doctrine of equitable tolling. *Burgh v. Borough Council of the Borough of Montrose,* 251 F.3d 465, 470 (3d Cir.2001). Equitable tolling is generally appropriate in

Title VII cases only when "the defendant has actively misled the plaintiff; when the plaintiff 'in some extraordinary way' was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum." *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 240 (3d Cir.1999) (citations omitted). Plaintiff bears the burden to show that equitable tolling is warranted. *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir.2005).

Carter offers no viable argument at all for an equitable tolling of the limitations period, and his complaint, as plainly indicated on its face, was filed well after expiration of the ninety-day period to bring suit. While the statute of limitations ordinarily must be raised as an affirmative defense, and is subject to principles of waiver if not timely asserted, a district court has authority to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e) if the limitations defense is obvious from the complaint, and no development of the factual record is required. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.2006); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). The District Court properly invoked that authority here.

We note that Carter appears to have filed his untimely complaint in an effort to obtain review on the merits after the District Court dismissed his previous Title VII suit based on the same right-to-sue letter. This Court affirmed the dismissal of that prior complaint because Carter "was given two opportunities to properly effect service of process or obtain a waiver of service from Marmon Keystone," but he "failed to comply with the requirements of Rule 4 on either occasion." *Carter v. Marmon Keystone*, 278 Fed.Appx. 141, 142 (3d Cir.2008) (per curiam). The District Court did not err here in refusing Carter another

"bite at the apple" through the filing of this untimely Title VII complaint.

For these reasons, the District Court's judgment will be affirmed.