George J. NOVAK, Appellant

v.

WORLD BANK, et al.

No. 82–1316.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 18, 1982.

Decided April 1, 1983.

George J. Novak, pro se.

David P. Durbin, with whom Lawrence E. Carr, Jr., Washington, D.C., was on brief, for appellee.

Before MacKINNON and SCALIA, Circuit Judges, and SWYGERT,* Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit.

Opinion for the Court filed by Circuit Judge MacKINNON.

MacKINNON, Circuit Judge:

Appellant, George J. Novak, proceeding *pro se,* appeals the dismissal of his action against his former employer, the World Bank,[1] and his local bank, Madison National Bank (Madison National), alleging age discrimination, in violation of 29 U.S.C. § 623(a) (1976),[2] and conspiracy to deter, by intimidation and harassment, his prosecution of actions against World Bank in the United States courts, in violation of 42 U.S.C. § 1985(2) (Supp. IV 1980).[3] The district court summarily dismissed appellant's complaint against Madison National on the grounds of res judicata. The complaint against World Bank was dismissed for fail-

---

* Sitting by designation pursuant to 28 U.S.C. 294(d).

1. The World Bank was created by the Articles of Agreement respecting the International Bank for Reconstruction and Development, signed at Washington, December 27, 1945 by the United States and other world powers. 60 Stat. 1440, T.I.A.S. No. 1502.

2. 29 U.S.C. § 623(a) (1976) provides:

It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age....

Appellant properly based federal jurisdiction for this claim on 28 U.S.C. § 1331 (Supp. V 1981).

3. 42 U.S.C. § 1985 (Supp. IV 1980) provides:

(2) If two or more persons in any State or Territory conspire to deter, by force, intimi-

dation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified ....

(3) ... [I]n any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Appellant properly based federal jurisdiction for this claim on 28 U.S.C. § 1343(a)(1) (Supp. V 1981).

ure to perfect service. *Novak v. World Bank,* No. 81–1329 (D.D.C. Feb. 4, 1982). We reverse because res judicata does not apply to the complaint against Madison National and because there is a reasonable prospect that service can be made on World Bank.

## I.

Appellant, age 53 when he filed his complaint in 1981, was an employee of World Bank from April 1967 until his dismissal in October 1979. His complaint in this action alleges a litany of misdeeds allegedly perpetrated against him by World Bank in pursuit of a policy of age discrimination. Complaint ¶¶ 20–27.[4] Appellant claims that World Bank harassed, threatened, and intimidated him as he attempted to pursue his employment discrimination claims. Com-

**4.** Appellant alleges:
The World Bank has engaged in impermissible and malicious covert and overt age discrimination practices in employment by recruiting ... highly trained professional specialists under the age of 40 years, overloading them with work during the most productive years of their lives, and starting at about the age of 48 years, when they could not get another career appointment elsewhere, gradually increasing the workload and harassing them until they either resigned or suffered a sudden and untimely death, as official World Bank obituaries and personnel records show. The rationale of this harsh discrimination and extermination policy has been to project a youthful and dynamic image of the Bank staff at the expense of career development and human lives....
Complaint ¶ 43.

**5.** Appellant alleges:
[S]tarting in October 1978, [appellant] received several phone calls with threats to kill him and messages that some special agents were looking for him. [Appellant] felt that his life was in jeopardy and he urged the [World Bank] Appeals Committee to expedite the consideration of his [age discrimination] appeal.... [T]he Committee denied all relief.
Although [appellant] experienced no harassment for three months, on March 8, 1979, two days after his Civil Action No. 79–0641 (filed in [the district] Court) was served on the World Bank ... two agents appeared at about 8:15 a.m. (at exactly the same time of day as that when the chief communications officer of the World Bank was fatally shot in the basement) at the ad-

plaint ¶¶ 34–42, 45.[5] He also asserts that Madison National participated in a conspiracy with World Bank and others to implicate him in a check forging scheme and thereby force his resignation, and to harass and intimidate him. Complaint ¶¶ 15, 28–33, 46.[6]

This action is appellant's third attempt to assert his claims against World Bank in federal court. In February 1979, appellant commenced an action in the district court alleging that World Bank had impermissibly discriminated against him on the basis of age and nationality, and had harassed him during the administrative review process, in violation of his Fifth Amendment rights. Complaint ¶ 26, *Novak v. World Bank,* No. 79–0641 (D.D.C. filed Feb. 26, 1979). Appellant's complaint sought, *inter alia,* to enjoin World Bank "and those acting openly or covertly in concert with them,

dress which [appellant] stated in CA No. 79–0641. The agents, armed with guns, demanded to see [appellant]. Although they were told that he was not inside, the agents did not leave without searching the house.
Complaint ¶¶ 35–36.

**6.** Appellant alleges that World Bank, in concert with Madison National and the United States Treasury Department, searched and located a Treasury obligation maturing on May 4, 1978, in the name of one Harry Novak whose signature resembled that of appellant. Appellant asserts that these conspirators arranged to have the check in payment of this obligation deposited to an account at Madison National in the name of Harry Novak, but bearing appellant's home address. He further alleges that Madison National laid the groundwork for this scheme by misprinting checks he ordered early in 1978 with the name Harry Novak, by forwarding checks and statements with the name Harry Novak to his home address, and by attempting to get his fingerprints on a signature card with the name Harry Novak, all despite his repeated protests. Complaint ¶¶ 28–31, 33. Appellant further claims:
The Madison National Bank allowed itself to be used as an accomplice either through reckless negligence or by entering into a conspiracy with the World Bank and the special agents who have been harassing and intimidating [appellant] under color of state and federal laws in order to discourage him in seeking a redress of his grievances before the federal courts.
Complaint ¶ 46.

from threatening or engaging in any acts of reprisal, retribution, punishment or harassment against plaintiff because of his attempts to vindicate his right to equal employment opportunity." *Id.,* Part V, ¶ 7. This action did not include Madison National, nor did it aver the facts alleged in the present action with respect to that entity. The district court dismissed the action for failure to state a claim. *Novak v. World Bank,* No. 79–0641, slip op. at 4 (D.D.C. June 12, 1979).[7] No appeal was taken.

Undeterred, appellant filed a second action alleging essentially the same facts as his first, but grounding recovery against World Bank on "negligent business practices and personal injury." Complaint ¶ 20, *Novak v. World Bank,* No. 79–2305 (D.D.C. filed Aug. 29, 1979). Once again, Madison National was not a party to, nor mentioned in, appellant's action. The district court dismissed the action on the grounds of res judicata. *Novak v. World Bank,* No. 79–2305 (D.D.C. Oct. 23, 1979), *aff'd without opinion,* No. 79–2382 (D.C.Cir. Apr. 28, 1980).

Madison National filed a motion to dismiss appellant's most recent action, claiming that principles of res judicata barred his action because of his previous, unsuccessful litigation with World Bank. The district court granted Madison National's motion, summarily dismissing with prejudice appellant's action against Madison National "according to the principles of *res judicata*

...." *Novak v. World Bank,* No. 81–1329 (D.D.C. Feb. 4, 1982). World Bank did not enter an appearance in the district court because appellant's attempts to effect service on World Bank had been frustrated.[8] The district court *sua sponte* dismissed without prejudice appellant's action against World Bank "for failure to obtain proper service." *Id.* This appeal followed.

## II.

### A. *Madison National Bank*

Madison National contends that appellant's action against it is barred by principles of res judicata. It asserts that all of the events supporting appellant's conspiracy action against Madison National occurred prior to his earlier litigation against World Bank. Madison National argues that appellant could have brought his conspiracy claim against Madison National in those earlier actions and, so, is barred by res judicata from doing so now in a suit involving Madison National. We cannot agree. The doctrine of res judicata based on prior adjudications in cases brought against World Bank has no application to appellant's action against Madison National, and the related doctrine of collateral estoppel, which is relevant to that action, does not bar appellant's action against that organization.[9]

The doctrines of res judicata and collateral estoppel are easily confused because the

---

**7.** The district court noted that appellant failed to allege that he had given the Secretary of Labor the requisite notice of intent to sue and, therefore, his age discrimination action did "not state a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (1976)." *Novak v. World Bank,* No. 79–0641, *supra,* slip op. at 3. The district court rejected appellant's harassment claim because the Fifth Amendment did not apply to the World Bank as it was not a branch of the federal government. *Id.*

**8.** Appellant attempted to serve World Bank officers at its office at 1818 H Street, N.W., in the District of Columbia. The first attempt at serving World Bank failed, with the Marshal's return noting that "World Bank will not except [sic] service of the summons & complaint." U.S. Marshals Service, Process Receipt and Re-

turn (June 10, 1981), Record at 1A. A second attempt at service failed when "[s]ervice was rejected on grounds of immunity by Andrew Vorkink—Counsel for World Bank." *Id.* (Feb. 10, 1982). Appellant also attempted service by certified mail, return receipt requested, properly addressed to "The World Bank, Attn: Mr. A.N. Vorkink or Agent," but the letter was returned marked "unclaimed." We note that Mr. Vorkink *accepted* service in appellant's first action against World Bank. U.S. Marshals Service, Process Receipt and Return (Feb. 28, 1979), Record at 2, *Novak v. World Bank,* No. 79–0641, *supra.*

**9.** We express no opinion, however, on whether appellant's action *against World Bank* is barred by principles of res judicata because World Bank is not presently a party to this action.

term "res judicata" is often used to embrace both doctrines. 1B J. Moore & T. Currier, Moore's Federal Practice ¶ 0.405[1], at 621–23 (2d ed. 1982). However, it is important to distinguish the two concepts because res judicata and collateral estoppel apply in different circumstances with different consequences to litigants. The Supreme Court recently articulated the distinction:

> Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.

*Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) (citations omitted).[10]

Thus, res judicata prevents the relitigation of any *claim* that was or that might have been brought in a prior action resolved on its merits, while collateral estoppel prevents the relitigation of any *issue* that was raised and decided in a prior action. *Id.* Furthermore, res judicata applies only between parties and their privies to the prior action, while collateral estoppel may be invoked by a stranger to the prior action against a party to that action. Although in the past the doctrine of mutuality applied to both res judicata and collateral estoppel, the Supreme Court in recent decisions has virtually eliminated the mutuality requirement for collateral estoppel. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326–28, 331, 99 S.Ct. 645, 649–650, 651, 58 L.Ed.2d 552 (1979) (mutuality not required for "offensive" collateral estoppel); *Blonder-Tongue Labs. v. University of Illinois Foundation,* 402 U.S. 313, 320–27, 91 S.Ct. 1434, 1438–1442, 28 L.Ed.2d 788 (1971) (mutuality not required for "defensive" collateral estoppel). However, mutuality still applies to res judicata—only parties and their privies to the prior action (whose rights against one another with regard to the binding effect of the judgment are of course reciprocal) are bound by the doctrine. *Parklane Hosiery Co. v. Shore, supra,* 439 U.S. at 326 n. 5, 99 S.Ct. at 649 n. 5.

▮ Application of these principles to this case reveals that the district court erred in dismissing appellant's complaint against Madison National on the grounds of res judicata. Madison National was not a party to appellant's earlier actions,[11] and, therefore, res judicata cannot bar appellant's action against Madison National.[12]

---

**10.** The doctrines of res judicata and collateral estoppel serve to

> relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.

*Allen v. McCurry, supra,* 449 U.S. at 94, 101 S.Ct. at 414.

**11.** Madison National now suggests that it should be treated as a privy of World Bank because appellant alleges a conspiracy between the two organizations. However, Madison National cites no precedent for the proposition that co-conspirators are to be treated as privies for the purposes of res judicata.

> In most situations where privity has been held to exist, one or more of the following three relationships between the privies are present: concurrent relationship to the same right of property; successive relationship to the same right of property; or representation of the interests of the same person.

1B J. Moore & T. Currier, Moore's Federal Practice ¶ 0.411[1], at 1255 (2d ed. 1982) (foot-

note omitted). None of these circumstances is present in this case and we decline to extend the limited concept of privy to co-conspirators.

**12.** Res judicata *may* bar appellant's section 1985 claim against World Bank if he could have brought that claim in his earlier actions against that organization. *But see* note 9 *supra.* Madison National argues that this possibility precludes the maintenance of a section 1985 action against it because a "single corporate entity is not a conspirator for the purposes of Section 1985." Brief for Appellee at 13. Appellant, however, asserts a conspiracy between more than one entity—World Bank, Madison National, and various unidentified agents and assassins. Section 1985 *does not* require that an injured party bring an action against each member of an alleged conspiracy in order to recover from any one conspirator:

> [T]he party so injured or deprived may have an action for the recovery of damages ... against *any one or more of the conspirators.*

42 U.S.C. § 1985(3) (Supp. IV 1980) (emphasis added). *See* note 3 *supra.*

Although it is possible that Madison National could successfully invoke collateral estoppel to prevent appellant from relitigating issues *actually decided* in his prior actions against World Bank, the question of whether appellant has a cognizable claim under section 1985(2) was not raised in his earlier actions. In his first action appellant claimed that World Bank's harassment and intimidation violated the *Fifth Amendment.* The district court dismissed that claim because the Fifth Amendment did not apply to World Bank's activities since it was not a branch of the federal government. *Novak v. World Bank,* No. 79–0641, *supra,* slip op. at 3. The district court did not determine whether the alleged harassment and intimidation by World Bank stated a claim under section 1985(2). That being the case, appellant's section 1985 action against Madison National is not barred by the doctrine of collateral estoppel. Accordingly, we reverse the district court's dismissal of appellant's action against Madison National.[13]

**B. *World Bank***

 The district court *sua sponte* dismissed without prejudice appellant's action against World Bank for failure to effect service on that organization. Although district courts have broad discretion to dismiss a complaint for failure to effect service, dismissal is not appropriate when there exists a reasonable prospect that service can be obtained. *Grammenos v. Lemos,* 457 F.2d 1067, 1071 (2d Cir.1971); *Richardson v. Ingram Corp.,* 374 F.2d 502, 503 (3d Cir.), *cert. denied,* 389 U.S. 866, 88 S.Ct. 134, 19 L.Ed.2d 139 (1967). We reverse the dismissal of appellant's action against World Bank because there is a reasonable prospect that service can be obtained on World Bank.

We are greatly concerned by the United States Marshal's refusal to serve World Bank in this case. The Marshal failed to serve process on World Bank because it refused to accept service,[14] claiming immunity from suit. *See* note 8 *supra.* It is not proper for a United States "Marshal to avoid his duty to serve process merely because he notices the availability of a defense to the suit . . . ." *Hellenic Lines v. Moore,* 120 U.S.App.D.C. 288, 289, 345 F.2d 978, 979 (1965) (footnote omitted). If the Marshal refuses to serve persons who assert defenses to process, such persons could create their own immunity from suit simply by declining to accept service. The Marshal should carry out his responsibilities to serve process without regard to potential defenses, leaving decisions as to the validity of such defenses to the courts.

The Marshal should have left the summons with the specified World Bank officials and World Bank, if it claimed service was improper, should have contested the validity of service and asserted that it was not amenable to suit in the district court, as, indeed, it asserted in appellant's prior actions.[15] Accordingly, we reverse the district court's dismissal of appellant's claim against World Bank. We would ordinarily also direct the district court to order the Marshal to serve World Bank but a recent change in the Federal Rules of Civil Procedure removed the Marshals from such duty. Federal Rules of Civil Procedure Amendments Act of 1982, Pub.L. No. 97–462. Marshals now are without authorization to serve summonses and complaints in actions

---

**13.** Madison National argues that even if res judicata does not compel dismissal of appellant's action, that action is barred by the statute of limitations. Since resolution of this issue will turn on factual questions, it is appropriate that the statute of limitations issue be considered by the district court in the first instance.

We express no opinion on the merits of appellant's claim against Madison National.

**14.** When a person refuses to accept service, service may be effected by leaving the papers

at a location, such as on a table or on the floor, near that person. *Errion v. Connell,* 236 F.2d 447, 457 (9th Cir.1956); *Heritage House Frame & Moulding Co. v. Boyce Highlands Furniture Co.,* 88 F.R.D. 172, 174 (E.D.N.Y.1980); 4 C. Wright & A. Miller, Federal Practice & Procedure §§ 1095, 1101, at 362, 384–85 (1969).

**15.** *Novak v. World Bank,* No. 79–0641, *supra,* slip op. at 1. We express no opinion on the merits of World Bank's claim of immunity from suit.

brought by individual citizens; such process is now to be served by persons who are not parties and are not less than 18 years of age. Fed.R.Civ.P. 4(c).

### III.

The district court's reliance on principles of res judicata to dismiss appellant's action against Madison National was erroneous and such dismissal is vacated. The district court's *sua sponte* dismissal of appellant's action against World Bank is also vacated and plaintiff may proceed to effect service of process in accordance with Fed.R.Civ.P. 4. In reaching this result we wish to emphasize that we express no opinion on the merits of appellant's various claims against World Bank and Madison National.

*Judgment accordingly.*