# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued February 11, 2011　　　　　Decided April 15, 2011

No. 10-7012

ANDREA PETERSON,
APPELLANT

v.

ARCHSTONE COMMUNITIES LLC, FORMERLY KNOWN AS
ARCHSTONE-SMITH TRUST,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cv-01326)

———

*Andrea Peterson*, appearing *pro se*, argued the cause and filed the briefs for appellant.

*Nancy N. Delogu* argued the cause for appellee. With her on the brief was *S. Libby Henninger*.

Before: GARLAND, GRIFFITH, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GARLAND.

GARLAND, *Circuit Judge*: The district court dismissed Andrea Peterson's *pro se* complaint against Archstone Properties because she was absent from a single motions hearing. The court had not previously found Peterson disobedient or dilatory, did not attempt lesser sanctions, and failed to explain why the case-ending sanction of dismissal was necessary. Because such a disposition is inconsistent with our precedent, we vacate the dismissal order and remand for further proceedings.

I

Peterson applied for positions with Archstone in November 2006 and October 2007. After Archstone declined to hire her, Peterson, acting *pro se*, sued Archstone for alleged violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*., and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq*. In October 2009, the case was referred to a magistrate judge to resolve a number of discovery disputes. The magistrate scheduled a hearing for "arguments on Archstone's emergency motion to quash deposition notices and for a protective order, its motion to compel plaintiff's deposition and for sanctions, and on plaintiff's motion for a protective order." *Peterson v. Archstone*, 677 F. Supp. 2d 167, 167 (D.D.C. 2010) (citations omitted). At Peterson's request, the magistrate judge rescheduled the hearing and, on November 2, 2009, entered a minute order confirming that it would proceed the next day as rescheduled. Peterson notified the courtroom deputy by telephone that she would not attend. Archstone's counsel appeared at the hearing; Peterson did not.

Thereafter, the magistrate judge advised the district court of Peterson's failure to appear, and the court issued an Order to Show Cause why the suit should not be dismissed for lack of prosecution. Peterson responded -- as she had in her message to

the courtroom deputy -- that she believed that motions she had previously filed for a change of venue and for the magistrate judge's recusal remained pending and operated to suspend all proceedings and cancel the discovery hearing. The district court found this contention unpersuasive. *Peterson*, 677 F. Supp. 2d at 168. The court pointed out that it had denied both motions, and that although Peterson had filed a notice of intent to seek reconsideration, she had not actually filed for reconsideration by the time of the hearing. Moreover, the court noted, she "cite[d] to no rule, statute, case or order that filing a motion to change venue or for recusal or filing a notice of intent to seek reconsideration operates to suspend or cancel a hearing ordered by the court." *Id*. Declaring that Peterson's "failure to appear inconvenienced the Court and caused the opposing party to incur costs associated with its appearance," the district court dismissed the suit for lack of prosecution. *Id*.

II

District courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *see also* FED. R. CIV. P. 41(b); D.D.C. LOCAL RULE 83.23. This court reviews such dismissals for abuse of discretion. *Gardner v. United States*, 211 F.3d 1305, 1308 (D.C. Cir. 2000). Although we are "hesitant to type the exercise of a district court's dismissal authority as an abuse of discretion," *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990), the court must "explain why the harsh sanction of dismissal was necessary under the circumstances of th[e] case," *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1016 (D.C. Cir. 2004). Moreover, "[b]ecause disposition of claims on the merits is favored[,] . . . the harsh sanction of dismissal for failure to prosecute is ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs, after 'less dire

alternatives' have been tried without success." *Noble v. U.S. Postal Serv.*, 71 Fed. App'x 69, 69 (D.C. Cir. 2003) (quoting *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 187 (D.C. Cir. 1985)); *see Gardner*, 211 F.3d at 1308-09; *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1075 (D.C. Cir. 1986); *Camps v. C & P Tel. Co.*, 692 F.2d 120, 123 (D.C. Cir. 1981).

Peterson's failure to appear at a single motions hearing cannot fairly be described as "egregious conduct." *See Noble*, 71 Fed. App'x at 69. Here, as in other cases in which we have vacated dismissals, "there is no evidence in the record of 'bad faith, deliberate misconduct, or tactical delay.'" *Gardner*, 211 F.3d at 1309 (quoting *Trakas*, 759 F.2d at 188). The fact that "the district court did not identify any prior instance of misconduct on [the plaintiff's] part . . . argues in favor of reversal." *Id.*

Archstone contends that Peterson's failure to appear "resulted in significant prejudice to Archstone as it was unable to move forward with the litigation" and because it had "expended resources preparing for and attending the discovery hearing." Appellee Br. 14-15. But to warrant dismissal, the prejudice to the opposing party "must be 'so severe[] as to make it unfair to require the other party to proceed with the case.'" *Gardner*, 211 F.3d at 1309 (quoting *Shea*, 795 F.2d at 1074). The district court did not find -- and Archstone does not even contend -- that Archstone's costs in connection with that single discovery hearing, or any delay arising from Peterson's failure to appear, met that standard.

Archstone does maintain that Peterson was a dilatory plaintiff who "refused to follow the Federal Rules of Civil Procedure in the conduct of her discovery," Appellee Br. 16, and who submitted baseless motions "largely in disregard for the Court's rules or procedures," *id.* at 1. But if that was true, the

district court did not say so -- either in its dismissal order or at any other place in the record that has been cited to us. Indeed, as Peterson herself aptly pointed out during the appellate argument, there is record evidence to the contrary. In a pleading opposing Peterson's motion for appointment of counsel to represent her in the district court, Archstone advised the court as follows: "[C]ounsel for Archstone has observed that Ms. Peterson has, to date, ably drafted and responded to motions, participated in discovery conferences, and otherwise capably represented herself in this matter." Mem. in Opp. to Plaintiff's Mot. for Counsel at 2 (June 25, 2009). And the district court, in denying Peterson's motion for appointment of counsel, found that her "motions display not only a workable familiarity with the Federal Rules of Civil Procedure and the local rules of this Court, but also her ability to represent herself adequately." Mem. Op. at 2 (Sept. 8, 2009).

Nor did the court try "less dire alternatives" before resorting to dismissal. *Noble*, 71 Fed. App'x at 69; *see Gardner*, 211 F.3d at 1309 ("[T]he *sua sponte* dismissal of a lawsuit on the merits is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions." (citations omitted)); *see also Bristol Petroleum*, 901 F.2d at 167 ("As a rule[,] . . . dismissal is in order only when lesser sanctions would not serve the interest of justice."). Archstone contends that "[t]he District Court was limited in the types of sanctions it could impose, as Ms. Peterson is proceeding *in forma pauperis* and, thus, cannot be held financially responsible for her abuse of the discovery process." Appellee Br. 11-12. But even if financial sanctions were unavailable, the court had other intermediate alternatives at its disposal. It could, for example, have treated Peterson's failure to appear as conceding the discovery disputes that were the subject of the hearing she missed. Such a sanction would have eliminated any prejudice that Archstone suffered: its prejudice did not arise from expending money to prepare for the hearing,

but from losing the opportunity to benefit from that preparation. Such a sanction would also have eliminated any inconvenience Archstone (or the court) suffered from the delay attendant to Peterson's failure to appear: defaulting Peterson with respect to the discovery motions would have permitted accelerated progress toward final disposition of the case. Of course, the court could also have considered the still lesser alternative of simply warning Peterson that any future failure to appear would result in dismissal.

Finally, Archstone insists that dismissal was appropriate because this court found that "[s]imilar conduct . . . justif[ied] an involuntary dismissal" in *Wooten v. Premier Yachts, Inc.*, No.00-7127, 2000 WL 1683500 (D.C. Cir., Oct. 18, 2000). Appellee Br. 17. But the conduct in *Wooten* was not similar. There, we upheld a dismissal order based not only on "appellant's failure to appear at [a] status conference," but also on "her refusal to participate in discovery, and the filing of baseless motions *even after the district court warned of the consequences*." 2000 WL 1683500, at *1 (emphasis added). Here, the district court did not find that Peterson had refused to participate in discovery or had filed baseless motions. Moreover, it is undisputed that the district court did not warn the *pro se* plaintiff of the consequence of failing to appear. *See Camps*, 692 F.2d at 123 ("[A] pro se litigant, who may not fully understand the importance of precise compliance with court directives[,] . . . should not be treated more harshly than litigants who have the funds to retain lawyers to advise and represent them."). "[D]eterrence . . . justifies dismissals when there is some indication that the client or attorney consciously fails to comply with a court order cognizant of the drastic ramifications." *Gardner*, 211 F.3d at 1309. But "[a]bsent such advance warning," dismissal is unwarranted. *Id.* at 1309 (quoting *Camps*, 692 F.2d at 125).

III

For the forgoing reasons, we vacate the district court's January 4, 2010 order dismissing Peterson's civil action and remand the case for further proceedings. Peterson's pleadings suggest that, if remanded, this case should go to different district and magistrate judges, on the ground that both are prejudiced against her. But while we have found error, we have found absolutely no evidence of prejudice, or even the appearance of prejudice, on the part of either the district or magistrate judge. No "reasonable and informed observer would question [either] judge's impartiality," *District of Columbia v. Doe*, 611 F.3d 888, 899 (D.C. Cir. 2010) (quoting *SEC v. Loving Spirit Found. Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004)), and we therefore deny the appellant's suggestion.

*So ordered.*