Niamke KEYS and Sherri
D. Sims, Appellants

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY,
Appellee.

No. 11–7011.

United States Court of Appeals,
District of Columbia Circuit.

April 30, 2013.

Rehearing En Banc Denied
June 11, 2013.

Robert L. Bell, Esquire, Bell Law Firm, Washington, DC, for Appellants.

Kathleen A. Carey, Associate General Counsel, Bruce P. Heppen, Deputy General Counsel, Washington Metropolitan Area Transit Authority (Wmata) Office of the General Counsel, Washington, DC, for Appellee.

Before: GARLAND, Chief Judge, and ROGERS and GRIFFITH, Circuit Judges.

*JUDGMENT*

This appeal from a decision of the United States District Court for the District of Columbia was considered on the record and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C. CIR. R. 34(j).

The court has afforded full consideration to the issues presented and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED and ADJUDGED** that the judgment of the district court be affirmed.

Appellants Niamke Keys and Sherri Sims filed suit in district court alleging that their former supervisors at the Washington Metropolitan Area Transit Authority discriminated against them, maintained a hostile work environment, and retaliated against them for pursuing administrative relief.

■ The district court granted summary judgment against Sims. We affirm that ruling for the reasons stated in the district court's opinion and order. *See* JA 576–78, 582–83. Sims' sexual harassment and hostile work environment claims were barred because Sims failed to timely exhaust them before the EEOC. *See* JA 577; 42 U.S.C. § 2000e–5(e)(1). Sims' claims of retaliation were not actionable because they failed to allege actions that were "materially adverse" to her. JA 582–83. Sims alleged only two retaliatory actions that post-dated the alleged sexual harassment. One was a "write up" for being three minutes late to work. *See* JA 1368. The other was a threat to dock her pay for being late that did not actually result in any pay being withheld. *Id.* Because neither action "could well dissuade a reasonable worker from making or supporting a charge of discrimination," neither was "materially adverse" to Sims. *Taylor v. Solis,* 571 F.3d 1313, 1320 (D.C.Cir.2009).

■ Although Keys' case proceeded to trial, the district court ultimately dismissed it due to misconduct by Keys' attorney. We affirm that dismissal as well. Our cases note three justifications for dismissal under FED. R. CIV. P. 41(b): "(1) prejudice to the other party; (2) failure of alternative sanctions to mitigate the severe burden that the misconduct has placed on

the judicial system; and (3) deterrence of future misconduct." *Gardner v. United States,* 211 F.3d 1305, 1309 (D.C.Cir.2000). All three justifications are satisfied here. Keys' counsel repeatedly elicited prejudicial testimony that was specifically forbidden by the court's pretrial orders. *See* JA 3731, 3748, 3751, 3757, 3777, 3885–86. The district court attempted lesser sanctions—including warning counsel in front of the jury, *see, e.g.,* JA 3749, and instructing the jury mid-testimony, *see* JA 3749—none of which stopped counsel from continuing his misconduct. Finally, the district court's order sufficiently explained why deterrence was an important objective in dismissing the case in light of counsel's persistent bad faith. *See* JA 29, 31–34. For these reasons, dismissal of the case was well within the district court's discretion. *See Peterson v. Archstone Communities,* 637 F.3d 416, 418 (D.C.Cir.2011) (holding that this court reviews dismissals under Rule 41(b) for abuse of discretion).

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C.Cir. RULE 41(a)(1).