# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued March 16, 2015          Decided May 8, 2015

No. 14-7081

DOLORES BAROT,
APPELLANT

v.

EMBASSY OF THE REPUBLIC OF ZAMBIA,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cv-00451)

*Denise M. Clark* argued the cause and filed the briefs for appellant.

*Laina C. Lopez* argued the cause and filed the brief for appellee.

Before: ROGERS and MILLETT, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: Dolores Barot appeals the dismissal of her complaint for failure to effect service of process as required under the Foreign Sovereign Immunities Act, 28

U.S.C. § 1608(a)(3). That Act confers upon the district court responsibilities with regard to the sensitive task of service of process on a foreign government, yet in this case the district court itself was responsible for a substantial portion of the mistakes in service. Because Barot's attempts at service came so close to strict compliance with the Act as to demonstrate a good faith effort at timely compliance amidst the sometimes confusing directions from the district court, we conclude, in view of the resulting prejudice to Barot and the absence of any relevant prejudice to the Embassy of Zambia of allowing a further effort at service, that dismissal was too extreme a remedy. Accordingly, we reverse and remand the case for the district court to permit Barot to effect service in compliance with section 1608(a)(3).

**I.**

In order to sue a foreign state or one of its political subdivisions, a plaintiff must effect service in compliance with the Foreign Sovereign Immunities Act. *See* 28 U.S.C. §1608(a); Fed. R. Civ. P. 4(j)(1). The Act provides four methods of service in descending order of preference. First, "by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." *Id.* § 1608(a)(1). Second, "by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents." *Id.* § 1608(a)(2). Third,

> by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the

ministry of foreign affairs of the foreign state concerned . . . .

*Id.* § 1608(a)(3). And fourth, if none of the first three methods works, a plaintiff can serve the appropriate documents through the Department of State. *Id.* § 1608(a)(4). Because neither of the first two methods was available to Barot, both parties agree that the third method was required.

When serving a foreign sovereign, "strict adherence to the terms of 1608(a) is required." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994). In *Transaero*, a plaintiff attempted to sue the Bolivian Air Force — a political subdivision of the Bolivian state — by mailing service to the Bolivian Ambassador and the Air Force itself, instead of "to the head of the ministry of foreign affairs of the foreign state." *Id.* at 153 (quoting 28 U.S.C. § 1608(a)(3)). This court held that neither substantial compliance, nor actual notice, sufficed under section 1608(a)(3) because Congress had mandated "service of the Ministry of Foreign Affairs, the department most likely to understand American procedure." *Transaero*, 30 F.3d at 154.

Barot is a former employee of the Embassy of Zambia in Washington, D.C. After her employment was terminated in 2009, she filed a complaint with the Equal Employment Opportunity Commission, and, upon receiving a right to sue letter, filed a complaint on March 18, 2013, in the federal district court alleging violations of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and Equal Pay Act; she later added a claim under the D.C. Wage Payment and Collection Act. The district court granted Barot leave to proceed *in forma pauperis*, thus entitling her to have the officers of the court serve the Embassy, *see* 28 U.S.C. § 1915(d); D.C. Dist. Ct. Local Rule 83.11(b)(4)(i). The Marshal, however,

attempted service at the Embassy in Washington, D.C., rather than at the Ministry of Foreign Affairs in Lusaka, Zambia, as the Act required. The district court then directed Barot to serve the Embassy of Zambia in conformance with section 1608(a)(3) by providing the Clerk of the Court with the mailing address for the head of the Ministry of Foreign Affairs. Through her attorney, Barot complied, providing the name of the Minister of Foreign Affairs, as well as the address in Lusaka for the Ministry of Foreign Affairs.

From there, a number of mistakes prevented proper service under section 1608(a)(3). First, the district court reversed course and ordered the Clerk of the Court to effect service on the Embassy in Washington, D.C. under the more lenient requirements of section 1608(b). When counsel for the Embassy of Zambia pointed out that such service did not satisfy section 1608(a)(3), the district court acknowledged that "service was improper through no fault of plaintiff," and on November 18, 2013, directed Barot again to "file with the clerk's office the necessary documents" to effect service pursuant to section 1608(a), Order of Nov. 18, 2013. Instead, however, upon being notified by the Clerk's Office that the requested mailing had not yet been sent, Barot's attorney mailed the documents to the Embassy's Washington, D.C. address. The Embassy filed a motion to dismiss on the ground, among others, of failure to effect proper service of process.

Finally, in January 2014, Barot attempted to effect service through the Clerk of the Court, as required by section 1608(a)(3). The Deputy Clerk filed a certificate of mailing, with an attached DHL "waybill" showing the address Barot had provided. The mailing was addressed to "Embassy of Zambia, P.O. Box 50069, Lusaka City, Zambia." In the upper-right-hand corner of the address box, the waybill stated "Contact: Min.Foreign Affairs, 260 211 252666." The post office box is

the Ministry's, and the telephone number is the Ministry's general line.  In March 2014, Barot's counsel filed a notice of completed service of process of the summons, complaint, and notice of suit.  Attached was a delivery confirmation that showed, through signature, that the package had arrived at the Ministry in Lusaka.

The district court granted the Embassy's motion to dismiss without prejudice.  *See Barot v. Embassy of the Republic of Zambia*, 11 F. Supp. 3d 24, 29 (D.D.C. 2014).  The court explained that the latest attempt at service "contain[ed] a fatal, technical error": "even though plaintiff may have sent the packet of materials to the post office box used by the ministry of foreign affairs, plaintiff did not address it to the head minister." *Id.* at 32.  Therefore, the "February 3, 2014 service attempt [] did not comply with the strict terms of section 1608(a)(3)." *Id.* The court explained that the "plaintiff's decision to address the waybill to the 'Embassy of Zambia' directly undermines the sole justification for why the D.C. Circuit requires strict compliance with section 1608(a)," which is that the Ministry is the agency most likely to understand U.S. judicial procedure.  *Id.*  In denying Barot's motion for reconsideration, the district court further explained that the addressee — "Embassy of Zambia" — "would not be located in Zambia at all."  *Barot v. Embassy of the Republic of Zambia*, 11 F. Supp. 3d 33, 35 (D.D.C. 2014). The main defect, according to the district court, was not Barot's "failure to include the words 'head of;' it was her failure to make any reference to the individual — whether by name or by title — who occupies the office of the head of the ministry of foreign affairs as the addressee of the package." *Id.* at 36 n.1. Barot appeals, and our review of the dismissal of the complaint is for abuse of discretion, *see Freedom Watch, Inc. v. Org. of the Petroleum Exp. Countries*, 766 F.3d 74, 78 (D.C. Cir. 2014); *Pellegrin & Levine, Chartered v. Antoine*, 961 F.2d 277, 283 (D.C. Cir. 1992); *Novak v. World Bank*, 703 F.2d 1305, 1310

(D.C. Cir. 1983); Wright & Miller, FEDERAL PRACTICE & PROCEDURE, *Motions to Dismiss—Insufficiency of Process and Service of Process*, § 1353 (3d ed. 2015).

**II.**

In general, "district courts have broad discretion to dismiss a complaint for failure to effect service." *Novak*, 703 F.2d at 1310. This court has cautioned, however, in cases of *sua sponte* dismissals for inadequate service, that "dismissal is not appropriate when there exists a reasonable prospect that service can be obtained." *Id.* Relatedly, this court has explained that dismissal "for failure to prosecute due to a delay in service is appropriate only when there is no reasonable probability that service can be obtained or there is a lengthy period of inactivity." *Angellino v. Royal Family al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) (alterations and internal quotation marks omitted); *see Peterson v. Archstone Communities, LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011). Because of the district court's statutory responsibilities and prominent role in the mistakes of service in Barot's case, the prejudice to Barot, the lack of prejudice to the Embassy, and Barot's good-faith efforts at service, similar considerations apply here. Furthermore, there is no statutory deadline for service under the Foreign Sovereign Immunities Act, unlike the presumptive 120-day time limit in Rule 4(m) of the Federal Rules of Civil Procedure.

Barot's latest service attempt came very close to satisfying the Act's requirements, as interpreted by the district court, showing good faith in her efforts to comply with the Act. The defect, according to the district court, came down to one line of the address block: it should have said "Head of the Ministry of Foreign Affairs," not "Embassy of Zambia," *see id.* at 36 n.1. There clearly "exists a reasonable prospect that service can be obtained." *Novak*, 703 F.2d at 1310. Due to the passage of

time, Barot states that the statute of limitations has run on her claims under Title VII and the Age Discrimination in Employment Act, *see* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); she received her right-to-sue letter from the EEOC in 2012. The district court acknowledged as much, noting that it was "aware that dismissal in this case results in harsh consequences for plaintiff." *Barot*, 11 F. Supp. 3d at 36. The Embassy has identified no particular prejudice it would suffer if Barot were permitted another opportunity to make proper service, pointing only to the legal fees it has incurred, which are not a prospective harm and fail to distinguish Barot's case from any other failure to serve properly.

Under the circumstances, we hold that the district court abused its discretion in dismissing Barot's complaint, and we remand the case for the district court to afford Barot, proceeding *in forma pauperis*, the opportunity to effect service pursuant to 28 U.S.C. § 1608(a)(3). This requires serving a summons, complaint, and notice of suit, *see* 22 C.F.R. § 93.2, along with any necessary translations, that are "dispatched by the clerk of the court," and sent to the "head of the ministry of foreign affairs" in Lusaka, Zambia, whether identified by name or title, and not to any other official or agency, 28 U.S.C. § 1608(a)(3).