UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KATHLEEN BREEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-0654 (PLF) |
| | ) | |
| ELAINE L. CHAO, Secretary of | ) | |
| Transportation, Department of | ) | |
| Transportation, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

According to counsel for the represented plaintiffs, David Almaguer is an original plaintiff who has not retained plaintiffs' counsel. See Plaintiffs' Status Report [Dkt. No. 430]. Plaintiff David Almaguer has failed to file anything on the docket. See July 10, 2019 Order [Dkt. No. 432]. Accordingly, the Court issued an Order directing Mr. Almaguer to file a notice with the Court explaining whether he intends to proceed in this case, and if so, whether he will proceed represented by counsel or pro se. Id.

After not receiving a response from Mr. Almaguer, the Court issued two more orders directing Mr. Almaguer to indicate whether he plans to proceed in the case and to verify his contact information with the Court. See September 4, 2019 Order [Dkt. No. 445]; October 25, 2019 Order [Dkt. No. 452]. The Clerk's Office sent hard copies of these orders to Mr. Almaguer, but he still has failed to respond to any of the Court's orders.

Courts have "inherent" power to manage their dockets. Garlington v. D.C. Water & Sewer Auth., 62 F. Supp. 3d 23, 26 (D.D.C. 2014) (citing Landis v. N. Am. Co., 299 U.S. 248,

254 (1936)).  This includes the power to dismiss a case "for a plaintiff's failure to prosecute or otherwise comply with a court order."  Holston v. Vance-Cooks, No. 12-CV-1536, 2013 WL 5912475, at *1 (D.D.C. Nov. 5, 2013) (citing Angellino v. Royal Family Al–Saud, 688 F.3d 771, 775 (D.C. Cir. 2012); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962) (same); Peterson v. Archstone Communities LLC, 637 F.3d 416, 418 (D.C. Cir. 2011) (same)).   The Local Civil Rules of this Court specify that "dismissal for failure to prosecute may be ordered . . . upon the Court's own motion."  L. Civ. R. 83.23.  While pro se litigants are "afforded more latitude than those who are represented by counsel," this does not give them license to "[completely] disregard court orders."  Garlington v. D.C. Water & Sewer Auth., 62 F. Supp. 3d at 27 (internal citation omitted).

After not receiving notice from Mr. Almaguer in response to the Court's July 10, 2019 Order, the Court's two subsequent Orders warned that he could be dismissed as a plaintiff for failure to prosecute if he did not respond.  See September 4, 2019 Order [Dkt. No. 445]; October 25, 2019 Order [Dkt. No. 452].  In light of Mr. Almaguer's repeated failure to respond to the Court's orders, the Court will dismiss him as a plaintiff without prejudice for failure to prosecute and failure to comply with the Court's orders.  Accordingly, it is hereby

ORDERED that David Almaguer is dismissed as a plaintiff in this case, without prejudice.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  November 27, 2019

2