**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
MICHAEL D. GABOR,                   )
                                    )
                 Plaintiff,         )
                                    )
        v.                          )        Civil Action No. 16-0780 (JMC)
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                 Defendant.         )
_____ )

**MEMORANDUM OPINION**

In April 2015, Plaintiff Michael Gabor filed a Freedom of Information Act

(FOIA) request asking for documents related to a criminal case against him. ECF 1 at 6.

The FBI declined to produce the documents, claiming that they fell within the scope of

5 U.S.C. § 552(b)(7)(A), which exempts "information compiled for law enforcement

purposes" that "could reasonably be expected to interfere with enforcement

proceedings." *Id.* at 14. The FBI stated that the requested documents related to pending

or prospective law enforcement proceedings, and therefore the release of these records

could reasonably be expected to interfere with those proceedings. *Id.* Gabor appealed

the FBI's decision to the U.S. Department of Justice's Office of Information Policy,

who subsequently affirmed it. *Id.* at 17-20.

On April 27, 2016, Gabor filed a complaint in this Court seeking the same

documents. *Id.* The related criminal proceedings had concluded, Gabor argued, so even

if the FBI was correct in exempting the documents from disclosure before, that rationale

no longer held water. *Id.* at 1-4.

The parties litigated the issue for more than two years before the Government ultimately retracted its exemption argument. ECF 44. The Government began processing materials identified as potentially responsive in December 2018 and continued to do so for the next four years. In April 2022, the Government sent Gabor a letter asking if he had any challenges to the FBI's search and processing of the records. ECF 70. Gabor did not respond to the letter. ECF 71. This court issued minute orders on May 20, 2022, and July 14, 2022, directing Gabor to reply to the Government's letter but received no response from Gabor.

The Court now dismisses this case for failure to prosecute. Courts possess the authority to dismiss cases *sua sponte* for lack of prosecution. Fed. Rule of Civ. Proc. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). While courts are rightfully hesitant to exercise this authority, they are justified in doing so in "cases involving egregious conduct by particularly dilatory plaintiffs." *Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (quoting *Noble v. U.S. Postal Serv.*, 71 F. App'x 69, 69 (D.C. Cir. 2003)). Dismissal for failure to prosecute prevents prejudice to opposing parties, preserves judicial resources, and deters future litigants from consciously failing to comply with court orders. *Gardner v. United States*, 211 F.3d 1305, 1309 (D.C. Cir. 2000). Generally, "less dire alternatives" should be attempted before resorting to this outcome. *Peterson*, 637 F.3d at 418 (quoting *Noble*, 71 F. App'x 69, 69 (D.C. Cir. 2003)).

Gabor's absence and non-compliance satisfy the high standard for failure to prosecute. Gabor has not submitted any docket entry for more than three years and the record reflects that he has failed to respond to multiple requests from Defendant for

clarification. *See* ECF 70; ECF 71. This Court twice ordered Gabor to respond to Defendant, but neither order elicited a response. Gabor's continuing non-compliance risks prejudice to the other party by forcing them to litigate against a nonexistent opponent, and it wastes judicial resources that could be devoted to active cases.

Additionally, this Court has already attempted less drastic alternatives. The most recent minute order—issued on July 14, 2022—included an explicit warning to Gabor that the Court may "dismiss[] this matter for failure to prosecute this case" if Gabor did not comply with the Court's orders.

For the reasons stated above, this case is **DISMISSED** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). A separate Order will issue.

_____
JIA M. COBB
United States District Judge

DATE: August 30, 2022