# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 22-7071**

**September Term, 2022**

**1:21-cv-02683-UNA**

**Filed On:** October 31, 2022

Mark K. Bowser, Jr.,

        Appellant

    v.

DC Department of Corrections, et al.,

        Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Wilkins, and Pan, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed March 30, 2022, be affirmed. This court may affirm the district court's dismissal order "on any basis supported by the record, even if different from the grounds the district court cited." Parsi v. Daioleslam, 778 F.3d 116, 126 (D.C. Cir. 2015). By order filed November 8, 2021, the district court directed appellant to file within 30 days an amended complaint correcting several deficiencies in his original complaint. Appellant attached to his notice of appeal an amended complaint that he attempted to file, though he improperly mailed the amended complaint directly to the district judge rather than to the district court clerk. See D.D.C. LCvR 5.1(a). Even if the district court had considered this amended complaint prior to dismissing the case, however, the amended complaint still failed to comply with the district court's instruction to identify "the claims [appellant] intends to bring, including what, if any rights have been violated, and under what specific legal authority" those claims arise. 11/8/21 D. Ct. Order; see Graham v. Connor, 490 U.S. 386, 394 (1989) ("The first inquiry in any § 1983 suit is to isolate the precise constitutional violation with which [the defendant] is charged.") (citation and internal quotation marks omitted) (alteration in original). Consequently, because appellant's amended complaint does not articulate which of his constitutional rights are at issue in this case, and how the defendants' alleged conduct violated those rights, he has not

shown that the district court's dismissal of this case was an abuse of discretion.  See Peterson v. Archstone Cmties. LLC, 637 F.3d 416, 418 (D.C. Cir. 2011); see also James V. Hurson Assocs., Inc. v. Glickman, 229 F.3d 277, 283 (D.C. Cir. 2000) ("[A] district court need not be made to reconsider an amended complaint that fails to state a claim upon which relief could be granted, or that would otherwise fail as a matter of law.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**