UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JASON PAUL SCHAEFER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-cv-2315 (TSC) |
| | ) | |
| | ) | |
| **UNITED STATES POSTAL SERVICE**, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff filed this suit on August 19, 2020, alleging that Defendant U.S. Postal Service violated the Freedom of Information Act and Administrative Procedure Act by withholding records pertaining to its investigation of Plaintiff. Compl., ECF No. 1 at 3–8. Defendant filed an Answer, ECF No. 9, and a motion for summary judgment, ECF No. 17. Because Plaintiff is proceeding pro se, this court issued a *Fox*/*Neal* Order "advising plaintiff to file his motion for summary judgment and combined response to Defendant's Motion for Summary Judgment by 5/1/2021 or court may treat Defendant's motion as conceded." ECF No. 18. The Clerk mailed the Order to Plaintiff. *Id.*

Following multiple motions for extensions of time, ECF Nos. 19, 23, and other motions practice, ECF Nos. 21, 26, the court stayed the action pending Plaintiff's prison transfer, Minute Order, Oct. 26, 2021. Plaintiff moved to lift the stay on April 24, 2023, which the court granted, Minute Order, May 16, 2023. This court then filed a

second *Fox*/*Neal* Order "advising plaintiff to file his motion for summary judgment and combined response to Defendant's Motion for Summary Judgment by 7/14/2023 or court may treat Defendant's motion as conceded." ECF No. 42. The Clerk mailed copies of both orders to Plaintiff. Minute Order, May 16, 2023; ECF No. 42. The deadline for Plaintiff to respond to Defendant's motion for summary judgment has now elapsed by more than three months, and the motion has been pending for two and a half years.

This court has "inherent power to dismiss a case sua sponte for a plaintiff's failure to prosecute." *Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011); Local Civil Rule 83.23 ("A dismissal for failure to prosecute may be ordered by the Court … upon the Court's own motion."). "Such a dismissal is proper if, in view of the history of the litigation, the litigant has failed to exercise reasonable diligence in pursuing the case." *Ames v. Standard Oil Co.*, 108 F.R.D. 299, 301 (D.D.C. 1985). This is one such case. Plaintiff has not complied with instructions to respond to Defendant's motion for summary judgment despite multiple court orders mailed to his address on file. This court has repeatedly granted Plaintiff extensions to ensure he has the time and resources necessary to draft his response to Defendant's motion. *See* Minute Order, April 30, 2023; Minute Order, August 4, 2021; Minute Order, Oct. 26, 2021; Minute Order, May 16, 2023. In failing to file a response despite these opportunities, Plaintiff has "engaged in a 'course of protracted neglect.'" *Ames*, 108 F.R.D. at 302 (citation omitted). Dismissal for failure to prosecute is therefore appropriate.

Accordingly, this case will be dismissed without prejudice for failure to prosecute. An Order will accompany this Opinion.

Date:  November 7, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge