# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEVIN PETTY, *et al.*,

      *Plaintiffs*,

    v.

PHIL MENDELSON, *Chairman, DC City Council*, *et al.*,

      *Defendants*.

Civil Action No. 25-00296 (AHA)

## Memorandum Opinion

Plaintiffs filed this pro se action to prevent members of the D.C. Council from voting on a resolution to remove a fellow Councilmember. The Court construed the complaint as requesting a temporary restraining order and denied that request. ECF No. 5. Defendants then moved to dismiss the complaint on multiple grounds. ECF No. 8. The Court ordered Plaintiffs to respond to the motion by March 14, 2025, warning that failure to do so could result in the Court treating the motion as conceded or dismissing the case for failure to prosecute. ECF No. 9. Plaintiffs failed to respond. The Court issued another order directing Plaintiffs to respond by April 16, 2025, and again warning that failure to do so could result in the motion being conceded or the case being dismissed. Min. Order (Apr. 2, 2025). Plaintiffs still have not responded.

The Court may dismiss a case for failure to prosecute "upon the Court's own motion." Local Civ. R. 83.23; *see Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) ("District courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order."). In addition, the Court may direct a party to "serve and file a memorandum of points and authorities in opposition" to a motion, and the Court

"may treat the motion as conceded" if the party fails to do so within the prescribed time. Local Civ. R. 7(b).

Here, despite the Court's warnings, Plaintiffs have not responded to Defendants' motion to dismiss. The Court could treat the motion as conceded. *See, e.g.*, *McBean v. Soc. Sec. Admin.*, No. 18-cv-00943, 2019 WL 4860695, at *1 (D.D.C. Oct. 1, 2019). But in light of Plaintiffs' failure to exercise reasonable diligence in prosecuting their claims, the Court will dismiss the action for failure to prosecute and deny the motion to dismiss as moot. *See, e.g.*, *Smith v. Int'l Ass'n of Sheet Metal, Air, Rail & Transp. Workers*, No. 24-cv-1443, 2025 WL 416154, at *1 n.1 (D.D.C. Feb. 6, 2025) (noting that "treating an unopposed motion to dismiss as conceded is more draconian than dismissing for failure to prosecute, because the former will often operate as an adverse adjudication of the dispute on the merits" (internal quotation marks and citation omitted)).

A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   April 22, 2025