**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| ANTOINE BRUCE, |
| *Plaintiff*, |
| v. |
| UNITED STATES OF AMERICA, |
| *Defendant*. |

Civil Action No. 24-02009 (AHA)

**Memorandum Opinion**

Plaintiff Antoine Bruce filed a complaint for defamation, negligence, and breach of contract in D.C. Superior Court on April 15, 2024. ECF No. 1-1 at 1, 6. Bruce alleges that in December 2022, Defendant Lori Shephard falsely reported to the Court Services and Offender Supervision Agency (CSOSA) that Bruce had exposed himself to female tenants at the apartment building Shephard managed and where he lived. *Id*. at 1, 5, 7.[1] Bruce alleges that Shephard's actions were in retaliation for complaints he submitted to the D.C. Department of Buildings, and that the false report was intended to help Shephard's company evict him. *Id*. at 5, 7, 9. Bruce alleges that as a result of those and other false statements, he was arrested and incarcerated from April 11, 2023, to April 10, 2024, for violating the conditions of his supervised release. *Id*. at 5, 9–10. Bruce alleges various harms that resulted from this 12-month incarceration, including fees for outstanding bills for services and rent and the cancellation of certain government benefits. *Id*. at 5–6.

---

[1]    CSOSA is a federal agency that supervises "through qualified supervision officers" D.C. Code offenders released to probation, parole, or a term of supervised release. D.C. Code § 24–133(a),(c).

The complaint also names as defendants Shephard's employer, The Lenkin Company, and CSOSA employees Eric Tagne, Patrick Holmes, Sharita Kaymore, P. Cushwa, and R. Tischner. *Id.* at 3–4. The United States certified that the CSOSA employees were acting within the scope of their employment during the events alleged and removed the case to this Court pursuant to 28 U.S.C. §§ 1442(a)(1), 1446, and 2679(d)(2). ECF No. 1 at 1.[2]

The United States moves to dismiss the complaint for lack of subject-matter jurisdiction, improper service, and failure to state a claim. ECF No. 10. On November 15, 2024, the Court advised Bruce of his obligation to respond to the motion to dismiss by December 5, 2024, and that failure to do so could result in dismissal of the case. ECF No. 11. Bruce moved on December 5, 2024, for an extension of time to properly serve the United States. ECF No. 12. Because the Court authorized Bruce to proceed in forma pauperis, the Court directed the Marshal to serve the United States and denied the motion for an extension of time to serve as moot. Minute Order (Dec. 17, 2024); ECF No. 13. That same day, the Court *sua sponte* extended to February 28, 2025, the deadline for Bruce to respond to the United States' motion to dismiss and reiterated that failure to respond by that date could result in dismissal of the complaint for failure to prosecute. Minute Order (Jan. 30, 2025). Bruce did not file a response by that deadline or since.[3]

The Court may dismiss a case for failure to prosecute "upon the Court's own motion." Local Civ. R. 83.23; *see Peterson v. Archstone Communities LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) ("District courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order."). Given Bruce's failures to respond to Court orders and to the United States' pending motion to dismiss despite warnings that his case may be

---

[2]    Shephard and The Lenkin Company did not join the removal and have not otherwise appeared in this Court.

[3]    In response to a recent Court order for the parties to meet, confer, and file a joint report, the United States reported that it was unable to reach Bruce at the contact information he provided the Court. ECF No. 14 at 1.

dismissed, the Court dismisses this action without prejudice for failure to prosecute. *See, e.g.*, *Hatton v. Mehrotra*, No. 22-cv-1587, 2022 WL 17146752, at *1 (D.D.C. Nov. 22, 2022).

A separate order consistent with this decision accompanies this memorandum opinion.

_____

AMIR H. ALI
United States District Judge

Date:   April 23, 2025